IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY K. LAWSON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-1771 |
| | : | |
| PHILADELPHIA PRISON SYSTEM | : | |
| MENU, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                               **February 28, 2011**

Plaintiff Jerry Lawson, an inmate at the Curran Fromhold Correctional Facility (CFCF),

alleges Defendants violated 42 U.S.C. § 1983 by failing to provide timely dental care and proper

grievance procedures after Lawson cracked his tooth while eating a bag of trail mix purchased from

Defendant Keefe Commissary Network Sales (Keefe). Keefe asks this Court to dismiss Lawson's

complaint for failure to state a claim. Because Lawson has failed to allege Defendants deprived him

of a constitutional right, Lawson's complaint is dismissed.[1]

**FACTS**[2]

On August 26, 2008, Lawson purchased a bag of trail mix from Keefe. While eating this trail

---

[1] Lawson's amended complaint identifies the Defendants as Keefe, unnamed corrections officers, and an entity called "Philadelphia Prison System Menu," which this Court will construe as Philadelphia Prison System (PPS). Although PPS and any individual defendants have not responded to the complaint, the Prison Litigation Reform Act gives this Court the ability to sua sponte dismiss a lawsuit for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1) (stating that when a prisoner files a civil complaint against a governmental entity or an employee thereof, the court should dismiss the complaint after an initial review if it "fails to state a claim upon which relief may be granted"). Moreover, it is not clear from the docket whether PPS was ever properly served in this matter, since it was incorrectly identified in the case caption.

[2] This Court accepts Lawson's factual allegations as true for the purpose of deciding the instant motion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

mix, Lawson bit into a hard, black object which broke one of his teeth and cracked another. Lawson

sought medical aid and was informed he should put in a sick call to receive dental care. After

consulting with a dental assistant by telephone, a correctional lieutenant told Lawson his injury was

not considered an emergency. Lawson received treatment approximately one week later, when a

dentist put a filling in one tooth and removed the other. During the time between the incident and

this treatment, Lawson asserts his tooth caused him pain, making it difficult to eat and drink.

Lawson claims he was misled about CFCF's grievance procedure and appeals process after

the incident. He alleges two security officers told him there were no procedures he should follow

to complain about his treatment and lack of immediate dental care, although other prison employees

told him to file a grievance. Lawson filed grievances with CFCF's internal grievance procedures

department, complaining the prison did not provide him adequate dental care and seeking

information about the manufacturer of the trail mix. It is not clear whether Lawson received a formal

response to his grievances, but he nonetheless appealed in May 2010. The prison did not respond

to his appeal.

On May 10, 2010, Lawson filed this *pro se* complaint under 42 U.S.C. § 1983, alleging his

constitutional rights were violated because he did not receive immediate dental care and did not have

access to grievance procedures to address the delay in treatment. Defendant Keefe filed a motion

to dismiss Lawson's complaint on July 8, 2010. After receiving a copy of this motion, Lawson

sought leave to file an amended complaint.[3] Lawson's proposed amended complaint attempts to

---

[3] In his initial response to Keefe's motion to dismiss, Lawson claimed he had not received a copy of the motion. This Court thereafter ordered Keefe to provide Lawson a copy of the motion and ordered Lawson to respond by December 20, 2010. Order of Nov. 18, 2010. Lawson responded nine days late by filing a motion to amend which did not include the docket number of this matter.

remedy the deficiencies Keefe identified by adding a sentence stating both Defendants acted under color of state law at all times relevant to the complaint and by specifying the constitutional rights he contends were violated by Defendants' actions, claiming violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Lawson also expanded the scope of the relief he seeks to remedy these alleged violations. Originally, he asked to be treated by a dentist working outside the prison and sought $65,000 in compensatory and punitive damages. In his proposed amended complaint, Lawson asks this Court to enjoin the prison from, *inter alia*, delaying dental care, misplacing mail, denying the use of the bathroom, using vulgar language, forbidding certain recreational activities, and retaliating against him by taking his books and writing instruments (although Lawson does not allege such retaliation has happened in the past). Additionally, he now seeks a declaration stating the events he complains of violated his constitutional rights, medical care from Temple University's School of Dentistry, and an unspecified amount of damages.

**DISCUSSION**

At the motion to dismiss stage, courts must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff to determine whether the complaint contains "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" such that the plaintiff's right to relief is more than merely speculative. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint will be dismissed unless it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When a plaintiff files a complaint pro se, a court must "liberally construe" the plaintiff's pleading, *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003), so as to "do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). If a complaint is deficient even when

liberally construed, a court may grant *pro se* plaintiffs leave to amend their claims. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Leave to amend need not be given, however, when amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).[4]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Lawson's proposed amended complaint asserts violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. After liberally construing his complaint, it appears Lawson alleges due process and Eighth Amendment violations. This Court will thus analyze Lawson's § 1983 claim under the legal standards applicable to those constitutional provisions.

First, Lawson's claim he was denied the right to file a grievance is best construed as an allegation he was denied his due process rights under the Fifth and Fourteenth Amendments. Prison inmates, however, do not have a constitutionally protected right to a grievance procedure. *Rivera v. Pa. Dep't of Corr.*, 346 F. App'x 749, 751 (3d Cir. 2009); *see also Heleva v. Kramer,* 214 F. App'x 244, 247 (3d Cir. 2007) (holding the alleged obstruction of grievance procedures by a prison official did not give rise to an independent § 1983 claim); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997) (holding that, although prisoners have a constitutional right to access to courts, they

---

[4] Because Lawson has submitted a proposed amended complaint, this Court will base its analysis on whether this submission, if accepted, would state a valid claim. If it does not, allowing the filing of such an amended complaint would be futile. *See Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 188-89 (3d Cir. 2000) (holding the denial of leave to amend was appropriate because "the amended complaint would not have stated a claim").

4

do not have a specific right of access to prison-based grievance procedures).  Moreover, even if such

a right existed, it appears Lawson was able to file several grievances related to this incident, so he

has failed to even allege the absence of grievance procedures.  Any claim for a violation of his due

process rights thus fails.

Second, this Court construes Lawson's complaints of delayed and inadequate dental care as

a claim of cruel and unusual punishment under the Eighth Amendment.[5]  The Eighth Amendment

requires prison officials to provide adequate medical treatment to inmates.  *Estelle v. Gamble*, 429

U.S. 97, 104 (1976).  To allege an Eighth Amendment violation related to medical treatment, an

inmate must claim:  (1) the medical need was serious, and (2) the acts or omissions by prison

officials demonstrated "deliberate indifference" to the inmate's health or safety.  *Id*.  A medical need

is "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is

so obvious that a lay person would easily recognize the necessity for a doctor's attention."

*Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations

and citations omitted).  To qualify as deliberate indifference, an official must actually know of–and

disregard–an excessive risk to the health of an inmate.  *Farmer v. Brennan*, 511 U.S. 825, 829

(1994). "[M]ere disagreement as to the proper medical treatment" and simple malpractice claims do

not constitute Eighth Amendment violations.  *Lanzaro*, 834 F.2d at 346.

---

[5] This claim is only analyzed as it pertains to PPS, since Keefe had no involvement in providing or
denying medical care to Lawson.  A defendant in a § 1983 action must have personal involvement
in the alleged wrongs.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Personal
involvement may be established through:  (1) allegations of personal direction of the wrongs, or (2)
allegations of actual knowledge of, and acquiescence in, the wrong.  *Id.*  Either of those allegations,
however, must be made "with appropriate particularity."  *Id.*  There is no information in Lawson's
pleadings to suggest Keefe had any role in his dental care; thus, such a claim cannot be pursued
against Keefe.

Although the injury to Lawson's teeth may well qualify as serious, he admits his medical need was assessed and treated within about a week by the dentist available at CFCF. Rather than acting with "deliberate indifference," Lawson's complaint shows the prison staff took his complaint of dental pain seriously and scheduled him for a dental appointment as soon as practicable. Moreover, Lawson cannot hold Defendants accountable for any delay in treatment because "a non-physician defendant cannot be held liable for being deliberately indifferent to an inmate's medical needs where, as here, the inmate is receiving treatment from the institution's health care staff." *Carpenter v. Kloptoski*, No. 08-2233, 2010 WL 891825, at *8 (M.D. Pa. Mar. 10, 2010) (citing *Durmer v. O'Carrol*, 991 F.2d 64, 69 (3d Cir. 1993)); *see also Berry v. Peterman*, 604 F.3d 435, 437 (7th Cir. 2010) (holding a prison official was not deliberately indifferent based on a delay in administering dental care because the official "was entitled to rely on the doctor's and nurse's advice regarding [the inmate's] dental pain"). Here, the only prison officials involved in this incident promptly notified a dentist and, after describing Lawson's symptoms, were told immediate care was not necessary. Thus, any complaint of medical indifference cannot succeed against Keefe and PPS.

Because he has alleged no deprivation of a constitutionally protected right, Lawson has failed to establish the first element of his § 1983 claim.[6] Amendment to the complaint will not cure this deficiency and would thus be futile. Therefore, this case shall be dismissed.

An appropriate order follows.

                                        BY THE COURT:

                                        \s\ Juan R. Sánchez
                                        _____

---

[6] Because Lawson's complaint fails to create a plausible inference Defendants deprived him of a constitutional right, this Court need not discuss whether Keefe acted under color of state law as Lawson alleges in his proposed amended complaint.